### NINETEENTH WARD BANK v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. December 14, 1900.)

1. ANSWER—NEW MATTER AND DENIALS.

     A paragraph of an answer averring that defendant's railway is a lawful structure, then negativing by denial that it is in violation of any statute or contract, or in breach of any trust, does not offend the rule against mingling new matter with denials; there being no averment in the complaint that the structure is unlawful, and the paragraphs being no more than an averment that the structure is lawful.

2. PLEADING—MOTION TO MAKE DEFINITE.

     The notice of motion to make an answer more definite and certain must point out the specific defects of which complaint is made; otherwise, no right to relief is presented.

Appeal from special term, New York county.

Action by the Nineteenth Ward Bank against the Manhattan Railway Company. From an order denying a motion to make the answer more definite and certain, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. M. Berkeley, for appellant.
Alfred A. Wheat, for respondent.

PER CURIAM. The answer in this case is in fact and form, in substance, the same as has been interposed in all of the elevated railroad cases, and, as the courts and counsel have found no insurmountable difficulty in determining the issues presented by such pleading, it is rather late to now attempt a reformation. The plaintiff in his argument specified the ninth paragraph of the answer as being monstrously offensive to the rule that new matter cannot be

intermingled with denials, and also that such new matter is not separately stated, numbered, and pleaded as a defense. The most cursory examination of this paragraph shows that all that is attempted to be pleaded therein is that the railway is a lawful structure. It first avers its lawful character in terms, and then negatives by denial that it is in violation of any statute, state or federal, or of any contract between the city and the plaintiff, or those from whom it derived title, or any other person, or in breach of any trust. It is quite possible that the whole of the ninth paragraph was unnecessary to any issue tendered by the complaint, as the latter nowhere avers that the structure is unlawful. It is perfectly evident, however, that, construing the ninth paragraph as a whole, it is no more than an averment that the structure is lawful. It is perfectly intelligible, and the plaintiff is not, and cannot be, in any sense misled by it. There is no denial, except in the sense that it negatives matter on account of which the structure might be condemned as unlawful, if it offended against such matter.

Assuming, however, that we are wholly wrong in the preceding view, nevertheless this motion was properly denied, for the reason that the motion does not sufficiently specify the grounds upon which relief is asked. The answer contains 21 paragraphs, and covers 12 pages of printed matter. The notice of motion is general, and does not specify or point out in the slightest particular the parts of the answer upon which the moving party founds his right to relief. Such notice furnishes the court with little or no information, and does not present any question which the court is called upon to determine. The notice of motion must point out the specific defects of which complaint is made, and, if it do not, no right to relief is presented.

It follows that the order should be affirmed, with $10 costs and disbursements.